**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PAMELA SUAREZ, individually on behalf of herself and all others similarly situated,<br><br>           Plaintiff,<br>  v.<br><br>CALIFORNIA NATURAL LIVING, INC., d/b/a CALIFORNIA BABY+ KIDS,<br><br>           Defendant. | Case No. 7:17-CV-09847 (VLB) (PED)<br><br>**DEFENDANT'S ANSWER TO COMPLAINT** |

      Defendant California Natural Living, Inc. ("Defendant"), by its undersigned attorneys, for its answer to the Amended Complaint (the "Complaint") of plaintiff Pamela Suarez alleges as follows:

      1.     Denies the allegations set forth in paragraph 1 of the Complaint, except admits it sells the listed California Baby products to consumers in New York and nationwide.

      2.     Admits that it sells, distributes and manufactures the products listed in Paragraph 1, that the word "Natural" appears on some of the front labels of the products. Defendant denies the remaining allegations of paragraph 2 of the Complaint.

      3.     States the allegations set forth in paragraph 3 consist of argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

      4.     States the allegations set forth in paragraph 4 consist of argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

      5.     States the allegations set forth in paragraph 5 consist of argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

      6.     Admits the products depicted in paragraph 6 are products marketed by Defendant, that some the packaging for the products have included at various times the words "Natural" and for some products "Natural Cleanser," and that the listed ingredients for those products included the ingredients identified as "Synthetic Ingredients" in paragraph 6. Defendant however denies

that all the ingredients identified in paragraph 6 are properly characterized as "synthetic." Defendant further denies that the presence of any of the ingredients is inconsistent with the product labels.

7. Admits that many of the labels for the products identified in paragraph 1 include a drawing of the sun and a green and blue stripe around the bottom of the label, and that the writing on some of the labels includes the terms "Plant-based Ingredients" and "No synthetic fragrances." Except as expressly admitted, Defendant denies the remaining allegations of paragraph 7.

8. Admits that pictures of the products including the labels are found on a website maintained by Defendant, that consumers might see those pictures when purchasing products online, and that the website indicates certain products have "Plant-based Ingredients" and "No synthetic fragrances." Except as expressly admitted, Defendant denies the remaining allegations of paragraph 8.

9. Admits that each of the ingredients identified in paragraph 9 are found in some of Defendant's products, and admits that each of the ingredients may be prepared in the manner described. The articles and regulations cited in paragraph 9 speak for themselves, and no response to the citation of those items is required. Except as expressly admitted, Defendant denies the allegations of paragraph 9.

10. States the allegations set forth in paragraph 10 consist of argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

11. States the document attached to the Complaint as Exhibit A speaks for itself, and consequently no response to the allegations of paragraph 11 is required.

12. States the allegations set forth in paragraph 12 consist of a legal conclusion as to which no response is required, but to the extent any response is necessary, denies the allegations.

13. States the allegations set forth in paragraph 13 consist of argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

14. States the allegations set forth in paragraph 14 consist of argument as to which no

response is required, but to the extent any response is necessary, denies the allegations.

15. States the allegations set forth in paragraph 15 consist of argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

16. States the allegations set forth in paragraph 16 consist of argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

17. Admits that the packaging for the products at issue do not identify any listed ingredient as "synthetic." Except as expressly admitted, Defendant states the allegations set forth in paragraph 17 consist of argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

18. States the allegations set forth in paragraph 18 consist of argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

19. States the allegations set forth in paragraph 19 consist of argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

20. States the allegations set forth in paragraph 20 consist of argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

21. States the allegations set forth in paragraph 21 consist of argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

22. States that allegations set forth in paragraph 22 consist of facts as to which Defendant could have no knowledge, and on that basis denies the allegations.

23. States the allegations set forth in paragraph 23 consist of argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

24. Denies the allegations set forth in paragraph 24 of the Complaint.

25. Denies the allegations set forth in paragraph 25 of the Complaint.

26. States the allegations set forth in paragraph 26 consist of argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

27. States the allegations set forth in paragraph 27 consist of argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

28. Denies the allegations set forth in paragraph 28 of the Complaint.

29. States the allegations set forth in paragraph 29 consist of argument as to which no response is required, but to the extent any responses is necessary, denies the allegations.

30. Admits that Defendant is a citizen of the State of California, and states the remaining allegations set forth in paragraph 30 consist of argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

31. States the allegations set forth in paragraph 31 consist of legal conclusions as to which no response is required, but to the extent any responses is necessary, admits that the Court has specific personal jurisdiction over Defendant for purposes of the named Plaintiff's individual claims and those claims of putative class members in the State of New York, but denies that the Court has personal jurisdiction over the claims of class members residing outside of the State of New York.

32. States the allegations set forth in paragraph 32 consist of legal conclusions as to which no response is required, but to the extent any responses is necessary, admits that the Southern District of New York is an appropriate venue.

33. States that Defendant is without knowledge of whether Plaintiff is a citizen of the State of New York, on that basis denies that allegation as set forth in paragraph. Defendant further states that the remaining allegations set forth in paragraph 33 consist of argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

34. States that Defendant admits that the labels for California Baby Calendula Shampoo & Body Wash, California Baby Natural Pregnancy Nourishing Cream, and California Baby Calming Bubble Bath have at times carried the words "Natural" and/or "Natural Cleansers." Defendant further states the remaining allegations set forth in paragraph 34 consist of argument as to which no response is required, but to the extent any responses is necessary, denies the allegations.

35. States the allegations set forth in paragraph 35 consist of facts as to Plaintiff's beliefs and actions as to which Defendant could have no knowledge, and on that basis denies the

allegations.

36. States the allegations set forth in paragraph 36 consist of facts as to Plaintiff's beliefs and actions as to which Defendant could have no knowledge, and on that basis denies the allegations. Defendant denies that Plaintiff was injured as a result of Defendant's conduct.

37. States the allegations set forth in paragraph 37 consist of facts as to Plaintiff's desires and actions as to which Defendant could have no knowledge, and on that basis denies the allegations.

**COMPLAINT NUMBERING RESTARTS AT PARAGRAPH 33**

33. Admits that Defendant is corporation with its principal place of business in California, and that Defendant manufactures and markets its California Baby brand of products throughout the United States, and that Defendant created the packaging and marketing for those products. Except as expressly admitted, Defendant denies the allegations of the second paragraph 33.

34. Admits that Plaintiff purports to bring this action on behalf of herself and those similarly situated. Except as expressly admitted, Defendant states the allegations set forth in the second paragraph 34 consist of argument as to which no response is required, but to the extent any responses is necessary, denies the allegations. Defendant specifically denies that the certification of any class is warranted.

35. States the allegations set forth in the second paragraph 35 consist of argument as to which no response is required, but to the extent any responses is necessary, denies the allegations.

36. States the allegations set forth in the second paragraph 36 consist of argument as to which no response is required, but to the extent any responses is necessary, denies the allegations. Defendant specifically denies that the certification of any class is warranted.

37. States the allegations set forth in the second paragraph 37 consist of argument as to which no response is required, but to the extent any responses is necessary, denies the allegations. Defendant specifically denies that the certification of any class is warranted.

38. States the allegations set forth in paragraph 38 consist of legal conclusions as to which no response is required, but to the extent any response is necessary, denies the allegations. Defendant specifically denies that the certification of any class is warranted.

39. States the allegations set forth in paragraph 39 consist of legal conclusions and argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

40. States the allegations set forth in paragraph 40 consist of legal conclusions and argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

41. States the allegations set forth in paragraph 41 consist of legal conclusions and argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

42. States the allegations set forth in paragraph 42 consist of legal conclusions and argument as to which no response is required, but to the extent any responses is necessary, denies the allegations.

43. States the allegations set forth in paragraph 43 consist of legal conclusions and argument as to which no response is required, but to the extent any responses is necessary, denies the allegations.

44. States the allegations set forth in paragraph 44 consist of legal conclusions and argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

45. States the allegations set forth in paragraph 45 consist of legal conclusions and argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

46. States the allegations set forth in paragraph 46 consist of legal conclusions and argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

47. States the allegations set forth in paragraph 47 consist of legal conclusions and argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

48. States the allegations set forth in paragraph 48 consist of legal conclusions and argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

### FIRST CAUSE OF ACTION VIOLATION OF NEW YORK GBL § 349

49. In response to the allegations set forth in paragraph 49 of the Complaint, Defendant repeats and realleges its responses to paragraphs 1 through 48 of this Answer as though fully set forth herein.

50. Admits that New York General Business Law Section 349 includes the quoted language.

51. States the allegations set forth in paragraph 51 consist of legal conclusions and argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

52. States the allegations set forth in paragraph 52 consist of legal conclusions and argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

53. Denies the allegations set forth in paragraph 53 of the Complaint.

54. Denies the allegations set forth in paragraph 54 of the Complaint.

55. States the allegations set forth in paragraph 55 consist of legal conclusions and argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint, and on that basis denies.

57. Denies the allegations set forth in paragraph 57 of the Complaint.

58. Denies the allegations set forth in paragraph 58 of the Complaint.

**SECOND CAUSE OF ACTION VIOLATION OF NEW YORK GBL § 350**

59. In response to the allegations set forth in paragraph 59 of the Complaint, Defendant repeats and realleges its responses to paragraphs 1 through 58 of this Answer as though fully set forth herein.

60. Admits that New York General Business Law Section 350 includes the quoted language.

61. Admits that New York General Business Law Section 350a(1) includes the quoted language.

62. Denies the allegations set forth in paragraph 62 of the Complaint.

63. Denies the allegations set forth in paragraph 63 of the Complaint.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint, and on that basis denies.

65. Denies the allegations set forth in paragraph 65 of the Complaint.

66. Denies the allegations set forth in paragraph 66 of the Complaint.

67. Denies the allegations set forth in paragraph 67 of the Complaint.

68. Denies the allegations set forth in paragraph 68 of the Complaint

69. States the allegations set forth in paragraph 69 consist of argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

70. Denies the allegations set forth in paragraph 70 of the Complaint.

**THIRD CAUSE OF ACTION VIOLATION OF STATE CONSUMER PROTECTION STATUTES**

71. In response to the allegations set forth in paragraph 71 of the Complaint, Defendant repeats and realleges its responses to paragraphs 1 through 70 of this Answer as though fully set forth herein.

72. Denies the allegations set forth in paragraph 72 of the Complaint.

73. Denies the allegations set forth in paragraph 73 of the Complaint.

74. Denies the allegations set forth in paragraph 74 of the Complaint.

75. States the allegations set forth in paragraph 75 consist of argument as to which no response is required, but to the extent any response is necessary, Defendant admits the products contain ingredients that are "Natural" and/or ingredients that serve as "Natural Cleansers."

76. Denies Defendant made any misrepresentations, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 76 of the Complaint, and on that basis denies.

77. Denies the allegations set forth in paragraph 77 of the Complaint.

78. Denies the allegations set forth in paragraph 78 of the Complaint.

79. Denies the allegations set forth in paragraph 79 of the Complaint.

80. Denies the allegations set forth in paragraph 80 of the Complaint.

## FOURTH CAUSE OF ACTION BREACH OF EXPRESS WARRANTY

81. In response to the allegations set forth in paragraph 81 of the Complaint, Defendant repeats and realleges its responses to paragraphs 1 through 80 of this Answer as though fully set forth herein.

82. States the allegations set forth in paragraph 82 consist of legal conclusions and argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

83. States the allegations set forth in paragraph 83 consist of argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

84. States that allegations set forth in paragraph 84 consist of facts as to which Defendant could have no knowledge, and on that basis denies the allegations.

85. States the allegations set forth in paragraph 85 consist of argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

86. States that allegations set forth in paragraph 86 consist of facts as to which Defendant could have no knowledge, and on that basis denies the allegations.

87. Denies the allegations set forth in paragraph 87 of the Complaint

88. Denies the allegations set forth in paragraph 88 of the Complaint

89. Denies the allegations set forth in paragraph 89 of the Complaint.

90. Admits that Defendant received a copy of a letter from Plaintiff's counsel dated June 2, 2017, attaching a copy of a draft complaint alleging Defendant had breached an express warranty and violated N.Y. U.C.C. Law § 2-13.

**FIFTH CAUSE OF ACTION VIOLATION OF MAGNUSON-MOSS WARRANTY ACT, 15 U.S.C. § 2301, *et seq.***

91. In response to the allegations set forth in paragraph 91 of the Complaint, Defendant repeats and realleges its responses to paragraphs 1 through 90 of this Answer as though fully set forth herein

92. Admits that Plaintiff purports to bring a claim individually and on behalf of a putative class. Defendants denies that certification of any class is warranted.

93. States the allegations set forth in paragraph 85 consist of legal conclusions as to which no response is required, but to the extent any response is necessary, denies the allegations.

94. States the allegations set forth in paragraph 94 consist of argument as to which no response is required, but to the extent any response is necessary, admits that the products listed in paragraph 1 are "consumer products" as defined under the cited statute.

95. States the allegations set forth in paragraph 95 consist of argument as to which no response is required, but to the extent any response is necessary, lacks knowledge sufficient to respond and on that basis denies the allegations.

96. States the allegations set forth in paragraph 96 consist of argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

97. States the allegations set forth in paragraph 97 consist of argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

98. States the allegations set forth in paragraph 98 consist of argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

99. Denies the allegations set forth in paragraph 99 of the Complaint.

100. Denies the allegations set forth in paragraph 100 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief sought in the Prayer for Relief.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
### (Preemption)

Plaintiffs' claims are preempted under the federal Food, Drug, and Cosmetic Act ("FD&C Act"). Because the Complaint seeks to impose label disclosure requirements different than those required under the FD&C Act, the claims are preempted.

## SECOND AFFIRMATIVE DEFENSE
### (Primary Jurisdiction)

The labeling of cosmetics products is subject to extensive regulation by the Food and Drug Administration and the FDA has primary jurisdiction to determine whether cosmetic products are properly labeled. This Court should decline to adjudicate the claims in the Complaint because they fall within the primary jurisdiction of the FDA. See 21 C.F.R. § 10.25(b) ("FDA has primary jurisdiction to make the initial determination on issues within its statutory mandate"); *see also* 21 U.S.C. § 393(b)(2)(D) (establishing that FDA shall ensure that "cosmetics are safe and properly labeled").

## THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted because the representations made on Defendant's labels were accurate, and made in accordance with the FDA's "natural" policy, as well as with the policies and guidance published by the Federal Trade

Commission ("FTC").  The Complaint also fails to state a claim upon which relief can be granted because it fails to allege any facts to support the conclusion that any representations made by Defendant in its labeling are false or misleading.  The Complaint further fails to state a claim upon which relief can be granted because it fails to allege any facts to support the claim that Plaintiff suffered any damages as a result of any act or omission on the part of Defendant.

### FOURTH AFFIRMATIVE DEFENSE
### (No Standing)

Plaintiff is not entitled to relief under the statutes and theories invoked in the Complaint because Plaintiff lacks standing.

### FIFTH AFFIRMATIVE DEFENSE
### (Performance of Duties)

Defendant has fully performed any and all contractual, statutory, and other duties, and Plaintiff is therefore stopped from asserting any cause of action against Defendant.

### SIXTH AFFIRMATIVE DEFENSE
### (Lack of Justifiable Reliance)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs knew, at all times, the characteristics, ingredients, uses, benefits, qualities, standard, quality, and grade of the products and therefore could not have justifiably relied on the alleged misrepresentations or omissions asserted in the Complaint, or interpreting the labeling claims as such.

### SEVENTH AFFIRMATIVE DEFENSE
### (Puffery)

Plaintiff's claims are barred to the extent that any alleged deceptive statements constitute puffery, and no reasonable consumer would have reasonably relied on or misunderstood the representations on Defendant's labels.

## EIGHTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred to the extent they go beyond the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff and the putative class are barred, in whole or part, from recovery by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE
### (First Amendment)

The claims of Plaintiff and the putative class are barred, in whole or in part, by the First Amendment of the United States Constitution, and similar provisions in the Constitutions of the States of New York, California, Florida, and other states, which protect, among other things, Defendant's right to promote and advertise its products.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Safe Harbor)

The Complaint is barred, in whole or in part, because Defendant's business practices are not unfair, unlawful or likely to mislead because its conduct falls within a safe harbor created by law.

## TWELFTH AFFIRMATIVE DEFENSE

**(Good Faith/Reasonable Belief as to Accuracy and Validity)**

The Complaint is barred, in whole or in part, because any representations or statements alleged to have been made by Defendant were true and accurate at the time made and/or otherwise were made in good faith and with a reasonable belief as to their validity and accuracy and with reasonable belief that all of Defendant's conduct was lawful.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Due Process)**

The Complaint, and the certification of the proposed class is barred, in whole or in part, by the Due Process Clauses of the Constitutions of the United States and the States of New York, California, Florida, and other states.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Breach of Express Warranty-New York: Failure to Provide Notice)**

Plaintiff's claim for breach of express warranty under New York is barred by her failure to provide adequate pre-suit notice.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Lack of Personal Jurisdiction)**

The Court lacks both general and specific jurisdiction over the claims of putative class members who did not purchase the products at issue in New York.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Reservation of Additional Defenses)**

Defendant reserves the right to amend its answer to raise additional affirmative defenses as they become available or apparent to it through discovery in this matter or otherwise.

WHEREFORE, Defendant prays that the request to certify the classes be denied, and that the Court enter judgment in favor of Defendant as follows:

(i) Dismissing the Complaint with prejudice;

(ii) For Defendant's reasonable attorney's fees;

(iii) For Defendant's reasonable costs and expenses incurred in defending against this action; and

(iv) For such other and further relief the Court deems just and proper.

Dated: March 18, 2019                      CHAFFETZ LINDSEY LLP

By:   /s/ Joshua D. Anders
      Joshua D. Anders
1700 Broadway, 33rd Floor
New York, New York 10019
Tel. (212) 257-6948
Fax (212) 257-6950
JD.Anders@chaffetzlindsey.com

Angela L. Diesch. Esq. (Pro Hac Vice)
Stephen E. Paffrath, Esq. (Pro Hac Vice)
DIESCH FORREST, APC
2207 Plaza Drive, Suite 300
Rocklin, CA 95765
T: (916) 740-6470
F: (916) 740-6460
angela@dieschforrestlaw.com
stephen@dieschforrestlaw.com

*Attorneys for Defendant*
*CALIFORNIA LIVING, INC. dba*
*CALIFORNIA BABY + KIDS*