```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
PAMELA SUAREZ, individually on behalf of    :
herself and all others similarly situated,  :
                    Plaintiff,              :      MEMORANDUM OPINION
v.                                          :      AND ORDER
                                            :
CALIFORNIA NATURAL LIVING, INC.,            :      17 CV 9847 (VB)
d/b/a CALIFORNIA BABY + KIDS,               :
                    Defendant.              :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Pamela Suarez brings this putative class action against defendant California Natural Living, Inc., doing business as California Baby + Kids, claiming defendant engaged in deceptive marketing and sales of thirty-two cosmetics products.

Now pending is plaintiff's motion for leave to amend the amended complaint to substitute a new named plaintiff in Suarez's place, and to amend the Court's Civil Case Discovery Plan and Scheduling Order. (Doc. #52).

For the following reasons, the motion is GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d).

## BACKGROUND

The Court briefly summarizes the nature of the case to the extent necessary to resolve the pending motion, accepting plaintiff's well-pleaded factual allegations as true and drawing all reasonable inferences in plaintiff's favor.

Plaintiff claims defendant engaged in deceptive and misleading business practices respecting sales and marketing of thirty-two cosmetics products (the "products"), of which plaintiff allegedly purchased three. Namely, plaintiff says defendant markets and advertises the products as natural despite the fact that they contain synthetic ingredients. The amended

1

complaint claims defendant's misrepresentations in this regard induced plaintiff and the putative class members to buy products different from what defendant represented, at price premiums plaintiff and the putative class members would not have otherwise paid. Plaintiff further alleges she would not have purchased the products had defendant truthfully described their ingredients. Plaintiff asserts an assortment of consumer protection and related claims under federal and state law.

On April 8, 2019, after granting in part and denying in part defendant's motion to dismiss the amended complaint, the Court held an initial pretrial conference and issued a Civil Case Discovery Plan and Scheduling Order. (Doc. #48). Pursuant to that Order, "Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed by May 8, 2019." (Id. ¶ 3). The Order further stated, "No extensions will be granted absent compelling circumstances." (Id. ¶ 16). Plaintiff did not request an extension of the May 8 deadline to move to amend or join additional parties.

On August 14, 2019, plaintiff filed the instant motion (i) for leave to substitute putative class member Rachelyn Kramer for Suarez as the named plaintiff, and (ii) to amend the discovery plan and scheduling order. (Doc. #52). Plaintiff states Kramer is a New York citizen who, in 2017, purchased the same products as plaintiff, with one exception.

Plaintiff has filed a proposed second amended class action complaint listing Kramer as the lone named plaintiff. (Doc. #53-1). That proposed pleading appears substantively identical to Suarez's operative amended complaint.[1]

---

[1] The proposed second amended complaint omits the injunctive claims previously dismissed by the Court.

In support of the instant motion, Suarez filed an affidavit stating, "Recent work obligations that have arisen over the past few month[s] along with ongoing family obligations have caused me to doubt whether I can commit the time and effort that might be required to continue to lead this case." (Doc. #55 ¶ 3). The affidavit further states, "I have regretfully decided that I may not be the best person to lead this case . . . after evaluating the unpredictability of my schedule over the next few months." (Id. ¶¶ 5–6).

## DISCUSSION

I. Legal Standards

Rule 15 provides that courts "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). But courts have "discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Rule 16(b)(4) applies when a party moves to amend a pleading after the court-ordered deadline to do so has expired. Under that rule, a court may deny leave to amend if the movant "has failed to establish good cause" for why the deadline could not reasonably have been met. Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000). "'[G]ood cause' depends on the diligence of the moving party," id. (citations omitted), and is lacking if "the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline," Enzymotec Ltd. v. NBTY, Inc., 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010) (internal quotation marks and citation omitted). A court may deny leave to amend for lack of diligence even if amendment would not prejudice the non-movant. See Gullo v. City of New York, 540 F. App'x 45, 47 (2d Cir. 2013) (summary order).

"There is an obvious tension between Rules 15(a) and 16(b). On one hand, Rule 15(a) directs the court to grant leave to amend 'freely.' On the other hand, Rule 16(b) states that the court should not amend a scheduling order without a showing of 'good cause.'" Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc., 304 F.R.D. 170, 174 (S.D.N.Y. 2014) (citations omitted). Recognizing this tension, district courts in this Circuit have held they have "discretion to grant a motion to amend even where the moving party has not shown diligence in complying with a deadline for amendments in a Rule 16 scheduling order." Olaf Sööt Design, LLC v. Daktronics, Inc., 299 F. Supp. 3d 395, 397 (S.D.N.Y. 2017) (citing Kassner v. 2nd Ave. Deli, Inc., 496 F.3d 229, 244 (2d Cir. 2007)) (further citations omitted).

Rule 21 governs misjoinder and nonjoinder of parties. In relevant part, it authorizes a court to "at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "The same liberal standard for amending pleadings under Rule 15(a) applies to the joinder of parties under Rule 21. However, a motion to join additional parties is subject to the 'good cause' requirement of Rule 16([b]) if the time to join additional parties has expired." Kleeberg v. Eber, 331 F.R.D. 302, 315 (S.D.N.Y. 2019) (citations omitted). "In exercising its discretion under Rule 21, the court must consider principles of fundamental fairness and judicial efficiency. As part of this inquiry, the court should consider whether an order under Rule 21 would prejudice any party, or would result in undue delay." In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig., 214 F.R.D. 152, 155 (S.D.N.Y. 2003) (quoting Moore's Federal Practice—Civil §§ 21.02[4], 21.05 (2002)).

II. Application

In an exercise of its discretion, the Court grants plaintiff's application for leave to substitute Kramer in Suarez's place.

First, plaintiff has clearly shown good cause for failing to meet the applicable deadline. Plaintiff's counsel acted with diligence upon learning plaintiff felt she could no longer serve as class representative. The Court accepts plaintiff's counsel's representation that they began searching for a potential replacement class representative "[a]s soon as Suarez broached the possibility that she might not be able to continue as the plaintiff." (Doc. #63 at 2). Plaintiff's counsel then informed defense counsel during a July 15, 2019, telephone call of plaintiff's desire to be substituted out of the case. On August 1, 2019, defense counsel told plaintiff's counsel by email that defendant would not consent to plaintiff's substitution. Plaintiff filed the instant motion less than two weeks later, on August 14, 2019. Under the circumstances, the conduct of plaintiff's counsel shows diligence adequate to satisfy Rule 16(b).

Second, the Court will extend discovery deadlines to afford defendant adequate time to conduct discovery. Insofar as defendant wishes to conduct discovery respecting Suarez's standing to commence this action (see Doc. #61 at 8–9), the Court sees no reason why Suarez's substitution would impede defendant's ability to do so. Moreover, discovery is at an early stage, plaintiff has not yet sought class certification, and the proposed second amended complaint does not materially alter any of plaintiff's remaining claims. Accordingly, permitting amendment will not prejudice defendant.

Third, the Court finds no suggestion of bad faith or undue delay by plaintiff's counsel, nor would the proposed amendment be futile.

Last, and certainly not least, denying plaintiff leave to amend would disserve the guiding purpose of the Federal Rules of Civil Procedure: to resolve the parties' dispute in a "just, speedy, and inexpensive" manner. Fed. R. Civ. P. 1. If the Court were to deny the present motion, Kramer could simply commence a separate action substantively identical to this one, potentially

5

requiring the parties to revisit matters this Court has already addressed. Under the circumstances, the Court declines to invite that duplicative procedural exercise here.[2]

## CONCLUSION

The motion for leave to file a second amended complaint, and to amend the Court's Civil Case Discovery Plan and Scheduling Order, is GRANTED.

By October 18, 2019, plaintiff's counsel shall file the second amended class action complaint on the docket.

Further, by October 29, 2019, counsel shall confer regarding a mutually agreeable extension of discovery deadlines and shall submit a joint proposed Revised Civil Case Discovery Plan and Scheduling Order.

The Clerk is instructed to terminate the motion. (Doc. #52).

Dated: October 15, 2019
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[2] Counsel are reminded that Rule 1's statutory imperative applies to them as well as to the Court.